IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMAZAN SAHIN, | ) |
|          Petitioner, | ) |
|    v. | ) C.A. No. 21-1313 (MN) |
| BRIAN EMIG, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) |
|          Respondents.[1] | ) |

**MEMORANDUM OPINION**

Ramazan Sahin – *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE – Attorney for Respondents.

June 13, 2024
Wilmington, Delaware

---

[1] Warden Brian Emig has been substituted for former Warden Robert May, an original party to the case. *See* Fed. R. Civ. P. 25(d).

**NOREIKA, U.S. DISTRICT JUDGE**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Ramazan Sahin ("Petitioner"). (D.I. 3). The State filed an Answer in opposition. (D.I. 7). For the reasons discussed, the Court will dismiss the entire Petition as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244 and, additionally, Claims One, Two, and Three for asserting noncognizable issues.

## I.     BACKGROUND

In November 2007, Petitioner was indicted on 58 counts of rape, kidnapping, aggravated menacing, reckless endangering, unlawful sexual contact, and possession of a deadly weapon during the commission of a felony. (D.I. 7 at 1; D.I. 8-3 at 15-35). All counts stemmed from Petitioner being accused of raping eight women in 2007. *See Sahin v. State*, 72 A.3d 111, 112 (Del. 2013). Petitioner waived his right to a jury trial. Prior to trial, the State entered a *nolle prosequi* on all but 20 counts, and then entered a *nolle prosequi* on an additional count on May 26, 2009. (D.I. 7 at 2) During a May 2009 bench trial,

> seven of [the] eight women identified [Petitioner] specifically as their assailant. Also, [Petitioner's] DNA was found inside two of the women. [Petitioner's] defense was that he admittedly raped an unknown number of women, but did not rape any of the eight female complainants in this case.

*Sahin*, 72 A.3d at 112. The Superior Court convicted Petitioner of nine counts of first degree rape, nine counts of possession of a deadly weapon during the commission of a felony, and one count of aggravated menacing. *See id*. Petitioner was sentenced to life plus 138 years in prison, followed by six months of probation. *See id*. The Delaware Supreme Court affirmed Petitioners convictions and sentence on November 5, 2010. *See Sahin v. State*, 7 A.3d 450, 451 (Del. 2010).

On March 17, 2011, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 8-9 at 33-45). A Superior Court Commissioner issued a Report and Recommendation concluding that the Rule 61 motion should be denied. *See State v. Sahin*, 2012 WL 1408856, at *23 (Del. Super. Ct. Mar. 22, 2012). On June 8, 2012, the Superior Court adopted the Report and Recommendation and denied the Rule 61 motion. (D.I. 8-11 at 51-54). The Delaware Supreme Court affirmed that judgment on July 26, 2013. *See Sahin*, 72 A.3d at 115.

Petitioner filed the instant habeas Petition in September 2021, asserting four grounds for relief: (1) post-conviction counsel provided ineffective assistance by failing to raise the issue of trial counsel's conflict of interest (D.I. 1 at 2); (2) post-conviction counsel provided ineffective assistance by failing to raise the issue of trial counsel's decision to admit Petitioner's guilt to the trial judge and prosecutor (D.I. 1 at 3); (3) post-conviction counsel erred by not raising the issue of trial counsel's failure to assert prosecutorial misconduct (D.I. 1 at 5); and (4) the State engaged in prosecutorial misconduct by using unreliable in-court identifications of Petitioner as the perpetrator (D.I. 1 at 6).

## II.     THE ENTIRE PETITION IS TIME-BARRED

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling, which, when applicable, may extend the filing period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court sentenced Petitioner on August 20, 2009, and the Delaware Supreme Court affirmed his convictions on November 5, 2010. *See Sahin*, 72 A.3d at 451. As Petitioner did not seek certiorari review of the Delaware Supreme Court's decision, his judgment of conviction became final ninety-days later, on February 3, 2011. Applying the one-year limitations period to that date, Petitioner had until February 3, 2012 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6 (a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at

\*3 n.3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date of the triggering event of the limitations, namely, the date of finality). Petitioner, however, did not file the instant Petition until September 14, 2021,[2] approximately nine years and seven months after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Pace*, 544 U.S. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment

---

[2] Pursuant to the prison mailbox rule, a prisoner's habeas petition is deemed filed the date on which he transmitted the petition to prison authorities for mailing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date). In this case, the Petition is dated September 14, 2021, and was electronically filed on September 16, 2021. The Court will assume that the Petition was provided to prison authorities on the earlier date and, therefore, views September 14, 2021 as the date of filing.

denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The one-year limitations period in this case began to run on February 4, 2011, and ran for 41 days until Petitioner filed a Rule 61 motion on March 17, 2011. The Superior Court denied the Rule 61 motion on June 8, 2012, and the Delaware Supreme Court affirmed that decision on July 26, 2013. In these circumstances, the Rule 61 motion tolled the limitations period from March 17, 2011 through July 26, 2013.

The limitations clock started to run again on July 27, 2013, and ran the remaining 324 days without interruption until the limitations period expired on June 16, 2014. Thus, the Petition is time-barred, unless equitable tolling or the actual innocence equitable exception apply.

### B. Equitable Tolling

AEDPA's one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *See id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013); *see also Wallace*, 2 F.4th at 144 (reiterating that "the relevant inquiry for purposes of assessing extraordinary circumstances is "how severe an obstacle [the circumstance] creates with respect to

5

meeting AEDPA's one-year deadline."). Moreover, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

Petitioner does not explain why he waited more than 10 years after the Delaware Supreme Court affirmed his convictions and sentence to file his habeas petition. To the extent Petitioner's untimely filing of the petition was due to his ignorance of the law or the result of his miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Lewis v. Phelps*, 672 F. Supp. 2d 669, 674 (D. Del. 2009) (holding that Lewis' error in computing AEDPA's one-year filing period did not warrant equitable tolling); *Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Additionally, Petitioner has failed to demonstrate that he exercised reasonable diligence in pursuing his rights.

Accordingly, the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

### C. Actual Innocence Exception

A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of

6

the new evidence." *Wallace*, 2 F.4th at 151. In this case, the actual innocence exception is inapplicable because Petitioner does not allege that he is actually innocent.

Accordingly, the Court will dismiss the instant Petition as time-barred.

### III. CLAIMS ONE, TWO, AND THREE ARE NOT COGNIZABLE

In Claims One, Two, and Three, Petitioner contends that postconviction counsel provided ineffective assistance during his state collateral proceedings. There is no federal constitutional right to effective assistance of post-conviction counsel. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). In fact, AEDPA provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding under section 2254." 28 U.S.C. § 2254(i). Thus, the Court will also deny Claims One, Two, and Three for failing to assert issues cognizable on federal habeas review.[3] *See, e.g., Jordan v. Sup't Somerset SCI*, 2017 WL 5564555, at *1 (3d Cir. Feb. 15, 2017) ("[C]laims alleging ineffective assistance of PCRA counsel are non-cognizable in federal habeas, 28 U.S.C. § 2254(i).").

### IV. REQUESTS FOR EVIDENTIARY HEARING, TRANSCRIPTS, STATE COURT RECORD, AND APPOINTMENT OF COUNSEL

In his "prayer for relief," Petitioner asks the Court to: (1) grant an evidentiary hearing; (2) order the State to produce a complete set of Petitioner's entire state court record; (3) order the State to reproduce all pre-trial and trial transcripts; and (4) appoint counsel to represent him in this proceeding. (D.I. 1 at 8). Having determined that the instant Petition is time-barred, the Court will dismiss these additional requests as moot.

---

[3] Having decided to dismiss the petition as time-barred, and Claims One – Three as non-cognizable, the Court will not address the State's additional reason for denying the petition. (*See* D.I. 7 at 22-24)

## V.     CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the petition is time-barred and, additionally, that Claims One, Two, and Three are not cognizable on federal habeas review. Reasonable jurists would not find these conclusions to be debatable. Therefore, the Court will not issue a certificate of appealability.

## VI.    CONCLUSION

For the reasons stated, the Court will dismiss the petition in its entirety as time-barred, and Claims One, Two, Three as noncognizable, without holding an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.