IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMAZAN SAHIN,                        )
                                      )
            Petitioner,               )
                                      )
      v.                              )        C.A. No. 21-1313 (MN)
                                      )
BRIAN EMIG, Warden, and               )
ATTORNEY GENERAL OF THE               )
STATE OF DELAWARE,                    )
                                      )
            Respondents.[1]           )

## MEMORANDUM ORDER

At Wilmington, this 17th day of March 2026;

## I.    BACKGROUND

In 2009, Petitioner Ramazan Sahin was convicted of nine counts of first-degree rape and various charges related to the rape of eight women. *See Sahin v. State*, 72 A.3d 111, 112 (Del. July 26, 2013). Petitioner was sentenced to life plus 138 years in prison, followed by six months of probation. *See id.* The Delaware Supreme Court affirmed his conviction and sentence on direct appeal. *See id.* On March 17, 2011, Petitioner filed a state motion for postconviction relief, the denial of which was affirmed on July 26,2013. *See id.*; D.I. 8-1 at 14, Entry No. 89. In September 2021, Petitioner filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. (D.I. 1). The Court dismissed the Petition on June 13, 2024, finding the entire petition barred by the one-year limitations period prescribed in 28 U.S.C. § 2244 and that Claims One, Two and Three asserted noncognizable issues. (D.I. 15; D.I. 16). On or about May 27, 2025, Petitioner filed a document styled "Motion to Excuse Time Bar Based on Equitable Tolling and Actual Innocence" (D.I. 23), a letter requesting appointment of counsel and an interpreter (D.I. 24), a

---

[1]    The caption has been amended in accordance with directive number 9 of this Order.

Memorandum of Law in Support of Motion to Excuse Time Bar (D.I. 25), and a Declaration in Support of Motion to Excuse Time Bar (D.I. 26). The Court construes Petitioner's Motion to Excuse Time Bar as a motion for reconsideration of the dismissal of his habeas petition.

## II.   STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Petitioner's motion was not filed within that timeframe, therefore the Court views it as filed under Rule 60(b).

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A motion filed pursuant to Rule 60(b) is directed to the sound discretion of the trial court. *See Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). The movant "bears the burden of establishing entitlement to such equitable relief." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014).

## III.   DISCUSSION

Petitioner alleges that he is entitled to equitable tolling because: (1) he is a Turkish national and was not proficient in English at the time of his conviction and for many years after; (2) he lacked access to meaningful legal resources, translation services, or assistance; and (3) he was

2

"linguistically and culturally isolated, making it impossible to understand legal deadlines or how to navigate complex legal procedures." (D.I. 23 at 1; D.I. 25 at 1; D.I. 26 at 1). Even assuming this information to be true, it does not fall within the reasons for relief identified in Rule 60(b)(1), (2), (3), (4) or (5).[2] Nor is it sufficient to meet the stringent standard for granting relief under Rule 60(b)(6). *See United States v. Doe*, 810 F.3d 132, 152 (3d Cir. 2015) (quoting *Cox*, 757 F.3d at 120) (providing Rule 60(b)(6) applies only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur"); *see also Gonzalez*, 545 U.S. at 535 (providing extraordinary circumstances required to justify reopening of final judgment under Rule 60(b)(6) "will rarely occur in the habeas context"). Although the level of proficiency is unclear, the state court record indicates that Petitioner spoke English during pretrial stages. (D.I. 8-18). Trial counsel indicated Petitioner "understands the English language very well" and that counsel had "no difficulty in communicating" with Petitioner in English without an interpreter. (D.I. 8-18 at 3, 4). Petitioner indicates he was able to discover and pursue his rights for state postconviction relief in 2012.[3] (D.I. 23 at 1-2; D.I. 25 at 1; D.I. 26 at 1). Despite at least some ability to communicate in English and an acknowledgment of being able to pursue state postconviction relief, Petitioner does not provide any evidence of diligence in pursuing federal habeas relief at any point from the time the Delaware Supreme Court affirmed the denial of his motion for postconviction relief in 2013 and the filing of his federal habeas petition in 2021.

---

[2] Although it may appear that Petitioner's arguments could fall within Rule 60(b)(1) as excusable neglect, equitable tolling of the limitations period prescribed in 28 U.S.C. § 2244 is not available due to excusable neglect. *See Holland v. Florida*, 560 U.S. 631, 651-52 (2010).

[3] Although Petitioner states he discovered his rights to pursue postconviction relief in 2012, the record indicates Petitioner filed for state postconviction relief even earlier, in 2011. (D.I. 8-1 at 14, Entry No. 89).

3

Petitioner's lack of diligence supports the Court's finding that extraordinary circumstances do not exist to justify reopening the order dismissing his habeas petition. *See Gonzalez*, 545 U.S. at 537 (finding petitioner's lack of diligence supported conclusion that extraordinary circumstance required to reopen judgment under Rule 60(b)(6) did not exist). Further, relief under Rule 60(b)(6) requires a showing of extraordinary circumstances that resulted from some "defect in the integrity of the federal habeas proceedings." *See id.* at 532. Petitioner makes no such claim. Therefore, the Court finds that Petitioner has failed to demonstrate he is entitled to relief under Rule 60(b) on these grounds.

Petitioner also maintains that his Petition should be excused from the time bar because he is actually innocent. (D.I. 23 at 2). Petitioner has not provided any newly discovered evidence to support his claim of actual innocence or indicated what that evidence will show but seeks leave of court "to supplement the record with affidavits, expert reports, and other exculpatory material." (D.I. 23 at 2).

## IV.    CONCLUSION

THEREFORE, for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.      Petitioner's construed Motion for Reconsideration (D.I. 23) is **DENIED in part** as to Petitioner's claim for equitable tolling.

2.      The Court defers ruling on the remainder of Petitioner's construed Motion for Reconsideration (D.I. 23), specifically Petitioner's claim that his actual innocence excuses his habeas petition from being time barred.

3.      Petitioner's request for leave of court "to supplement the record with affidavits, expert reports, and other exculpatory material" (D.I. 23 at 2) is **GRANTED**. Petitioner shall file any new evidence and supporting argument for this claim within **30 days of the date of this Order**.

**Petitioner's failure to supplement his motion within that time will result in the motion being denied for failure to provide any evidence to support his claim of actual innocence.**

4.      Respondents shall file a response within 30 days after Petitioner supplements the record.

5.      The case is **STAYED** until the record has been supplemented and any additional briefing is completed or until the time to do so has passed.

6.      Petitioner's Motion to Appoint Counsel (D.I. 24) is **DENIED without prejudice** to renew.  A habeas petitioner does not have a constitutional or statutory right to an attorney in a federal habeas proceeding.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999).  Rather, a district court may appoint an attorney to represent a petitioner who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the petitioner] resulting . . .  from his probable inability without such assistance to present the facts and legal issues to the court in a complex but [arguably] meritorious case."  *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *see also* 18 U.S.C. § 3006A(a)(2)(B) (stating district court may provide representation for financially eligible petitioner upon determining that "interests of justice so require").  Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent petitioner include:  (1) the merits of the petitioner's claim(s); (2) the petitioner's ability to present his or her case considering his or her education, literacy, prior work and litigation experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the petitioner's ability to pursue such investigation; (5) the petitioner's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or

expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

Petitioner requests counsel on the grounds that he lacks English proficiency and is indigent. (D.I. 25 at 2). After viewing Petitioner's request in conjunction with his other filings in this case, the Court concludes that the interests of justice do not require representation by counsel at this time. Petitioner's filings demonstrate his ability to articulate his claims in English and represent himself. Additionally, Petitioner has failed to provide any information indicating the basis for his claim of actual innocence. Nevertheless, the Court is willing to revisit this issue either *sua sponte* or upon proper motion should it subsequently appear that representation by counsel is required.

7.      Petitioner's request for the appointment of an interpreter (D.I. 24) is **DENIED without prejudice** to renew. *See Vargas-Rodriguez v. Ortiz*, No. 18-2628(RMB), 2019 WL 2366968, at *6 (D.N.J. June 5, 2019) (collecting cases holding pro se civil plaintiffs, including habeas petitioners, are not entitled to interpreter or translator). In addition to Petitioner's filings demonstrating his ability to articulate his claims in English, the state court record also indicates Petitioner's ability to communicate in English. (D.I. 8-18). Nevertheless, the Court will revisit this issue either *sua sponte* or upon proper motion should it subsequently appear that an interpreter is warranted.

8.      The Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

9.      The Clerk shall amend the case caption on the docket by substituting Warden Brian Emig for former Warden Robert May, an original party to the case. *See* Fed. R. Civ. P. 25(d).

The Honorable Maryellen Noreika
United States District Judge

6